IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | CRIM. NO. JKB-12-0004 |
| OCTAVIUS STRONG, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

Pending before the Court is Octavius Strong's Motion to Appoint Counsel. (ECF No.76.) No hearing is necessary. *See* Local Rules 105.6 (D. Md. 2021). For the reasons set forth below, Strong's Motion will be denied without prejudice.

There is no right to appointed counsel in post-conviction proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("The right to appointed counsel extends to the first appeal of right, and no further."). However, the Court has discretion to appoint counsel. *See, e.g., United States v. Wylie*, Crim. No. KDB-18-0054, 2021 WL 5406880, at *1 (W.D.N.C. Nov. 18, 2021).

In the instant case, however, Strong has not demonstrated that the interests of justice warrant the appointment of counsel. Strong explains that he was "designated as a career offender, but wasn't sentence[d] as one" (ECF No. 76), but does not provide any information showing that his particular circumstances merit the appointment of counsel.

Accordingly, it is ORDERED that Strong's Motion to Appoint Counsel (ECF No. 76) is DENIED without prejudice.

Dated this 24 day of April, 2023.

FOR THE COURT:

*/s/ James K. Bredar*

James K. Bredar
Chief Judge